## CHARLES STEWART v. FITCH & BOYNTON.

1. The verdict of a jury should comprehend the whole issue, and every issue submitted to the jury in a particular cause; if it does not, the verdict may be set aside or the judgment rendered upon it reversed.
2. The verdict need not be expressed formally and precisely in the words of the issue. If it contain the substance of the issue, the court will mould it into form and give it due and legal effect.
3. The court has no authority to supply substantial omissions in a verdict nor to reconcile incongruities; but when the verdict is informally expressed, the court may and should render it formal and effective.
4. When the general issue is pleaded with one or more pleas of special justification, a general verdict for the plaintiff is good, and the court has power to record it in proper and technical language.
5. The action for use and occupation can only be maintained upon a contract, express or implied.
6. A shore owner cannot maintain an action against a party using land

in front of him between high and low water mark, unless he has reclaimed or improved the land so used.

7. When a party using land between high and low water mark for the purpose of securing rafts, pays to the shore owner a bill presented for the use thereof as a compromise to avoid trouble, and denying the right of the shore owner to demand such payment, it cannot be construed into an admission of the plaintiff's right to demand and receive rent for the flats, nor does it raise an implied promise to pay for their future use and occupation.

On rule to show cause.

The issue in this case was tried at the Burlington Circuit, and a verdict rendered for the plaintiff. A rule to show cause why the verdict should not be set aside was granted on the coming in of the *postea*, and afterwards argued before ELMER, OGDEN, and HAINES, Justices.

For the plaintiff, *P. S. Scovel.*

For the defendants, *G. S. Cannon.*

The opinion of the court, which sets out the material facts in the case, was at this term delivered by

HAINES, J. The plaintiff is the owner of land in the county of Burlington, bounding on the Delaware river. The defendants, who are lumber merchants, were in the habit of occupying the mud flats adjacent to and in front of the plaintiff's land, with their rafts and floats of lumber, and the action in this case was brought for such use and occupation of the flats, and a verdict was rendered for the plaintiff.

The motion to set aside the verdict is based upon two reasons. First, that the verdict is irregular, and only upon one of several issues. The general rule is well settled, that the verdict must comprehend the whole issue and every issue submitted to the jury in the particular cause; otherwise the verdict may be set aside or the judgment rendered upon it reversed. 1 *Arch. Pr.* 190; *Middleton's Ex'rs v. Quigley*, 7 *Halst.* 352.

But it is not expected that the verdict be expressed form-

ally and precisely in the words of the issue. If the point in issue can be concluded from the finding of the jury, the court will mould the verdict into form, and give it due and legal effect. If there are substantial omissions the court has no authority to supply them. If there is incongruity in the verdict the court has no power to render it consistent. But where the verdict is informally expressed, the court may and should render it formal and effective. Whenever the general issue is pleaded with one or more pleas of special justification, if a verdict could not have been found on the general issue, had the special plea been supported, the omission is a matter of form only. *Hawks* v. *Crofton*, 2 *Burr. R.* 698; *Thompson* v. *Button*, 14 *Johns. R.* 84; *Middleton* v. *Quigley*, 7 *Halst.* 352; *Browning et al.* v. *Skillman*, 4 *Zab. R.* 352.

In this case the issues were joined on four several pleas: first, the general issue; second, title to the *locus in quo* in the state of New Jersey; third, title in the Camden and Amboy Railroad Company; and fourthly, title in John L. McKnight.

The verdict was for the plaintiff generally and his damages assessed. If the issues upon the pleas of title, or either of them, had been maintained by the defendants, a verdict for the plaintiff could not have been rendered. The general verdict in favor of the plaintiff necessarily implies that the issues on the pleas of special justification were against the defendants, and the court has power so to record it in proper and technical language. This reason, therefore, is not sufficient to sustain the motion.

The second reason assigned is, that the verdict is against the weight of evidence.

The action for use and occupation can only be maintained upon a contract, express or implied.

It is insisted that there was an express contract; that the plaintiff had given public notice by printed handbills, posted up in conspicuous places, that shorage would be charged for floats and rafts lodged opposite to and in front of the plaintiff's land; that after such notice was brought to the knowl-

edge of the defendants, they continued to anchor their floats on the flats opposite to the plaintiff's land, and fastened them by a cord to a tree on his land, and thereby assented to the terms of the notice.

But it also appears that the flats on which the rafts were anchored were all below high water mark, and at high tide covered to the depth of two feet, and that no part had been in any wise improved or reclaimed; and that, consequently, the title to them was not in the plaintiff, but in the state of New Jersey. It was testified, on the part of the defendants, that they had never made any contract with the plaintiff, or asked or received his permission to occupy the flats; but that, for a long time and for a period of more than twenty-six years, had been accustomed to stop their lumber and floats there, waiting the opportunity of sending them through the canal to New York; and that they, with others, did so under a claim of right of navigation. In this testimony there is no evidence of any express contract, but the weight of it is clearly against any contract. If the defendants fastened to the tree on the plaintiff's land they may have been trespassers, and liable as such, but there is nothing to show a contract for use and occupation.

It is further insisted that there was evidence of an implied contract, inasmuch as it was proved that the defendants had, before that time, paid a bill presented by the plaintiff for shorage for other rafts, before then anchored on the same flats. But it also appears that the payment was made protesting against the right of the plaintiff to demand, and the obligation of the defendants to pay any such charge; or, as one of the witnesses testified, a portion of the money was paid rather than to have trouble and as a compromise, and with the declaration that they would not pay any other or future charges. Such payment was not an admission of the plaintiff's right to demand and receive rent for the flats, nor does it raise an implied promise to pay for future use and occupation of them.

The verdict was clearly against evidence, and must be set

aside on payment of the costs of the trial. On such terms let the rule to show cause be made absolute.

OGDEN and ELMER concurred.

CITED *in Stevens* v. *Paterson and Newark R. R. Co.*, 5 *Vroom* 547; *Delaware, Lackawanna and Western R. R. Co.* v. *Toffey*, 9 *Vroom* 527; *Gerhab* v. *White*, 11 *Vroom* 243; *Lindauer* v. *Teeter*, 12 *Vroom* 257.